**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**LONE STAR 24HR ER MANAGE-MENT, LLC,**

***Plaintiff*,**

**v.**

**BLUE CROSS BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION;**

***Defendant*.**

**Case No. SA-26-CV-04341-JKP**

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Blue Cross and Blue Shield of Texas's (BCBSTX) Motion to Dismiss the Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). *ECF Nos. 19, 22*. Plaintiff Lone Star 24 Hr ER Management (Lone Star) responded. *ECF No. 21.* Upon consideration, the Motion to Dismiss shall be **DENIED**.

## Factual Background

In the Fourth Amended Complaint, Lone Star asserts it is a privately-held company that operates a freestanding emergency care facility (FEC). Lone Star alleges that under the Texas Emergency Care Act (ECA), including Texas Insurance Code §§ 1271.155, 1301.0053, and 1301.155, FECs are required to treat any person who enters its facility seeking emergency care, regardless of insurance status or coverage. Because Lone Star, admittedly, has no contractual relationship with the health insurance provider BCBSTX, Lone Star is considered an "out-of-network" health provider under any health plan administered by BCBSTX. As an out-of-network

provider, Lone Star has no agreed rate of reimbursement for services Lone Star renders to patients insured by BCBSTX. In exchange for its treatment of BCBSTX patients as an out-of-network provider, Lone Star contends the ECA entitles it to receive the "usual and customary rate," although this term is not specifically defined.

The parties agree that amendment to the ECA requires a mandatory mediation process through which disputes regarding out-of-network emergency care reimbursement, that is the "usual and customary rate," may be addressed. *See* Tex. Ins. Code §§ 1467.051, et seq. The parties agree Lonestar requested mediation regarding the insurance reimbursement claims that form the basis of this lawsuit, and mediation was conducted pursuant to the procedures established in §1467. During mediation, the parties were required to evaluate whether the reimbursement issued by BCBSTX represented the usual and customary reimbursement rate for the services provided or whether the payments were unreasonably low. Despite these proceedings, the parties were unable to reach an agreement regarding the appropriate reimbursement amount.

Lone Star filed this action alleging BCBSTX grossly underpaid Lone Star on the subject medical claims or paid nothing at all. Lone Star alleges the reimbursement rates paid by BCBSTX on these medical claims are less than the "usual and customary" payment for emergency care providers because the reimbursements were less than that allowed under Medicare, less than in-network rates for the same services, and less than FAIR Health data that is utilized and adopted by the Texas Department of Insurance as a benchmark to determine appropriate reimbursement. For this reason, Lone Star contends BCBSTX's reimbursement for the medical claims subject to this lawsuit are not "fair and reasonable" or "usual and customary" reimbursement for the care provided to its insureds.

Based upon these allegations, Lone Star asserts a cause of action pursuant to Texas Insurance Code §1467.0575 and a state law cause of action for breach of contract for recovery of appropriate compensation for health services rendered to its insured patients who held a plan issued by BCBSTX. BCBSTX moves to dismiss the cause of action for violation of §1467.0575 pursuant to Federal Rule of Civil Procedure 12(b)(6) and seeks to dismiss the breach of contract cause of action under Federal Rule 12(b)(6) for failure to state a claim and under Federal Rule 12(b)(1) due to lack of standing.

## Legal Standards

### Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction and possess "'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). For that reason, a federal court must dismiss a case for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

A motion filed under Federal Rule 12(b)(1) allows a party to challenge a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Federal Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001); *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980)

**Federal Rule of Civil Procedure 12(b)(6)**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

In assessing a motion to dismiss under Rule 12(b)(6), the court's review is limited to the live Complaint and any documents attached to it. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the

plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)

**Discussion**

**(1) Cause of Action Asserted Under the Texas Insurance Code**

**a. Private Right to Assert a Cause of Action Under Texas Insurance Code §§ 1271.155, 1301.0053, 1301.155**

BCBSTX contends Lone Star's "attempt to litigate compliance with §§1271.155, 1301.0053, and 1301.155 under Count A should be dismissed because the Texas Supreme Court has squarely held that these provisions provide no private right of action." *ECF No. 19. pp. 9-12*. BCBSTX further contends,

> Sections 1271.155, 1301.0053, and 1301.155 define the payment obligations of insurers for out-of-network emergency services vis-à-vis insureds—which are obligations that are regulated and enforced by TDI—but they do not confer on providers a right to litigate alleged statutory noncompliance. *Tex. Med. Res.*, LLP, 659 S.W.3d at 436. Rather, the Legislature created a single, exclusive mechanism for resolving payment disputes between providers and insurers through Chapter 1467 of the Texas Insurance Code, as amended by SB 1264, to determine the 'amount due.' *See* Tex. Ins. Code § 1467.0575. Contrary to the allegations in the Complaint, § 1467.0575's permission to file a narrow, post-mediation proceeding to determine the 'amount due' on specific mediated claims does not permit a judicial determination of whether [BCBSTX] violated §§1271.155, 1301.0053, and 1301.155.

*Id. at pp. 9-10*.

The Court finds BCBSTX's first argument to be without merit. In its Fourth Amended Complaint, Lone Star asserts the first cause of action under "Count A" as "Civil Action Following Failed Mediation Pursuant to Texas Insurance Code §1467.0575." *ECF No. 16, p.7*. Lone Star asserts "[a] dispute exists between the parties concerning the amount owed for the emergen-

cy medical services at issue and the appropriate reimbursement required under Texas Insurance Code §§1271.155, 1301.0053, and 1301.155." Lone Star concludes by asserting "[b]ecause mediation did not resolve the dispute, TEX. INS. CODE §1467.0575 authorizes [Lone Star] to bring this civil action to determine the amount owed for the out-of-network emergency medical services provided to [BCBSTX's] insured member." *ECF No. 16, pp. 7-9*.

Thus, as clearly asserted, Lone Star brings a cause of action under Texas Insurance Code § 1467.0575, not under §§1271.155, 1301.0053, and 1301.155. This cause of action will not be dismissed based upon BCBSTX's first argument.

**b. Determination of Amount Due**

BCBSTX next argues "[a] Chapter 1467 action to determine the 'amount due' does not permit litigation of whether an insurer violated §§1271.155, 1301.0053, or 1301.155." *ECF No. 19, p.12*. Because § 1467.0575 permits only a determination of the "amount due," BCBSTX contends it necessarily excludes and prohibits Lone Star's attempt to litigate whether BCBSTX paid the "usual and customary rate" under §§ 1271.155, 1301.0053, or 1301.155. Because Lone Star "repeatedly reveals [it] is actually trying to litigate" the "usual and customary rate," BCBSTX contends its cause of action must be dismissed. *Id. at pp. 12-14*.

In making this argument, BCBSTX reframes Lone Star's basis for this cause of action and seeks dismissal based upon this reframing. As stated, in its first cause of action asserted under "Count A," Lone Star asserts "[b]ecause mediation did not resolve the dispute, TEX. INS. CODE §1467.0575 authorizes [Lone Star] to bring this civil action to determine the amount owed for the out-of-network emergency medical services provided to [BCBSTX's] insured member." Thus, BCBSTX's reframing of Lone Star's basis for this cause of action is not supported by the clear allegations in "Count A," and therefore, cannot serve as basis for dismissal.

Next, §1467.0575 does not adopt BCBSTX's proposed limitation to determination of "the amount due" as excluding "litigation about whether an insurer paid the 'usual and customary rate' to an out of-network provider." A complete and contextual reading of the ECA (*see* Tex. Ins. Code §§ 1467.051, et seq. and § 1467, reveals the provision does not direct courts to disregard the reimbursement considerations addressed during the required mediation. Section 1467.051 makes mediation available when a qualifying healthcare provider's charges remain unpaid by the insurance carrier. Section 1467.056 requires consideration of whether the healthcare provider's charge is excessive and whether the insurer's payment represents the usual and customary rate or is unreasonably low. Tex. Ins. Code §§1467.051(a), 1467.056(a). When that mediation process fails, §1467.0575 authorizes judicial determination of the "amount due." Read together, those provisions do not establish that the adequacy of the insurer's reimbursement becomes irrelevant once mediation ends or excludes consideration of the "usual and customary amount" during litigation. At the pleading stage, this argument is insufficient to dismiss a cause of action under §1467.0575.

For these reasons, BCBSTX's Motion to Dismiss Lone Star's cause of action asserted in "Count A" will be denied.

**(2) Breach of Contract Cause of Action**

**a. Lack of Standing**

BCBSTX argues Lone Star's breach of contract cause of action should be dismissed pursuant to Federal Rule 12(b)(1) because Lone Star lacks standing. BCBSTX argues SB 1264[1] protects the insured from the obligation to pay any disputed balance to the healthcare provider fol-

[1] BCBSTX refers to the Texas Emergency Care Act amendments as "SB 1264." The Court will read and refer to the ECA and its amendments collectively as the ECA.

lowing reimbursement, and therefore, the insured suffered no injury capable of supporting derivative standing. *ECF No. 19, pp. 14–18*.

To establish standing, a plaintiff must plead (1) it suffered an injury in fact, (2) that is traceable to the defendant's conduct, and that (3) would be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, because Lonestar has no contract with BCBSTX, it asserts derivative standing based upon assignment to it of the patient's contractual rights under the applicable health benefit plans. While patients normally assign their appropriate benefits under a health insurance plan to a medical provider prior to service, this assignment does not alter the patient's rights under the plan. *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 193 (5th Cir. 2015). Thus, determination of any injury or damages would derive from the rights of the patient at the time of assignment. *Id.*

Specific to this breach of contract cause of action, LoneStar alleges BCBSTX promised through the health benefit plans covering each patient to pay for the emergency services the patient received at the reimbursement rates set out in such plans or policies. *ECF No. 1-2, pp. 2*-9. At the time of treatment by Lone Star, the BCBSTX patients assigned to Lone Star the promise of appropriate payment to be made for the emergency services under the plans. Lone Star alleges the healthcare benefit plans and governing law required BCBSTX to pay out-of-network emergency providers the "usual and customary" rate or the rate required by Tex. Ins. Code § 1467.0575. BCBSTX paid Lone Star substantially less than the required rate, thereby breaching the plans and the statutory/implied contractual obligations incorporated therein. *Id.*

Based upon the allegations supporting the breach of contract cause of action, Lone Star has standing to pursue the breach of contract causes of action as alleged. The ECA shields the patient from any financial obligation to pay the healthcare provider (in this case, Lone Star) for

its insurer's (BCBSTX's), failure to pay. Thereby, the ECA protects the insured from payment to the healthcare provider (Lone Star); the ECA does not preclude the healthcare provider (Lone Star) from seeking appropriate payment from the insurer (BCBSTX) under the applicable healthcare plans. The ECA does not speak to BCBSTX's obligation under the insurance contract to pay the provider – which is the basis of the patients' assignment and the basis of the breach of contract cause of action. Therefore, at the time the patient assigned their rights under their insurance contract, the ECA protects the patient from financial obligation to the provider (Lone Star). This protection does not foreclose the patient's rights under the insurance contract, does not foreclose BCBSTX's obligation to pay Lone Star pursuant to the ECA, nor does this protection foreclose any potential damages for BCBSTX's failure to pay Lone Star under the insured's contract.

Consequently, this Court does not interpret the ECA, in its contextual completeness, from foreclosing Lone Star's pursuit of a breach of contract cause of action through assignment by the patients. Therefore, BCBSTX's Motion to Dismiss the breach of contract cause of action based upon lack of standing will be denied.

**b. Failure to State a Claim**

BCBSTX contends LoneStar's breach of contract cause of action fails as a matter of law because it is based in provisions §§ 1271.155, 1301.0053, and 1301.155 which provide no private right of action. BCBSTX contends Lone Star cites no plan terms that BCBSTX breached separate from its obligations under Texas law, that is §§ 1271.155, 1301.0053, or 1301.155's re-

quirements that BCBSTX reimburse at the "usual and customary rate." BCBSTX again contends these statutes provide no private right of action.[2]

In making this argument, BCBSTX frames Lone Star's breach of contract cause of action as another vehicle for enforcing Texas Insurance Code §§ 1271.155, 1301.0053, and 1301.155. However, as support for this cause of action, Lone Star alleges that under its healthcare benefit plans, BCBSTX promised its insureds reimbursement for covered emergency services in accordance with the plan's terms and applicable law; the patients assigned to Lone Star certain rights and benefits under these health benefit plans; and BCBSTX breached the plans by failing to pay benefits allegedly owed for those covered services. *ECF No. 16, pars. 35–40*. Thus, the breach of contract cause of action arises from an alleged contractual obligation contained in the insureds' health benefit plans and is distinct from the previous cause of action arising from Texas Insurance Code § 1467.0575 following unsuccessful mediation. The causes of action differ in source, elements, and remedy.

For these reasons, BCBSTX's motion to dismiss the breach of contract cause of action will be denied.

**(3) Attorney Fees**

BCBSTX also contends LoneStar's request for attorney fees should be denied because Lone Star provides no allowable basis for recovery. This denial or dismissal is **DENIED** at this time.

## Conclusion

For the reasons stated, BCBSTX's Motion to Dismiss (*ECF No. 19*) is **DENIED**.

[2] This Court has already addressed BCBSTX's incorrect assessment that this case arises from Tx. Ins. Code §§1271.155, 1301.0053, and 1301.155, concluding Lone Star brings this suit pursuant to §1467.0575. This court will not discuss this point again.

It is so ORDERED.
SIGNED this 9th day of October, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE